Dunnington v. Syfers.

## DUNNINGTON v. SYFERS ET AL.

[No. 19,307. Filed November 26, 1901.]

TRIAL.—*Admission of Evidence.—Objection.—Exception.*—No question is presented on the exclusion of testimony, where the offer to prove was not made until after the objection was sustained and the exception taken. *p. 461.*

CONTINUANCE.—*Absence of Witness.—Affidavit.*—An application for a continuance on account of the absence of a witness is properly denied where it is not made to appear by the facts alleged in the affidavit in support thereof that there was any probability of obtaining the testimony of such witness within a reasonable time. *p. 462.*

TRIAL.—*Directing Verdict.*—Where the evidence introduced by plaintiff wholly fails to establish any cause of action in his favor under the issues, the court may properly direct a verdict for defendant. *p. 462.*

From Hendricks Circuit Court; *J. V. Hadley,* Judge.

Action by M. Helen Dunnington against Rufus K. Syfers and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Ira M. Sharp,* for appellant.
*Daniel Wait Howe,* for appellees.

JORDAN, C. J.—Appellant originally commenced this action in the Marion Circuit Court against appellees, Rufus

K. Syfers, Frank A. McBride, and George C. Webster, to recover the sum of $25,000. The venue of the cause was changed to the Hendricks Circuit Court. The following may be said to be an epitome of the facts alleged in the complaint. Appellees herein, together with one Andrew Dunnington, on March 10, 1891, agreed among themselves that they would each contribute $1,500 for the purpose of purchasing from Leslie E. Keeley, of Dwight, in the state of Illinois, the right to use in the states of Indiana and Kentucky a certain secret process for the treatment of persons addicted to the excessive use of intoxicating liquors and morphine. That after the purchase of said right by the aforesaid parties, they, in the month of March, 1891, began the use of said treatment at the town of Plainfield, Hendricks county, Indiana, the institute established at Plainfield for that purpose being operated by them under the name and style of "The Keeley Institute." Appellant together with her husband, Andrew Dunnington, executed a promissory note for $1,500, payable to said institute for a one-fourth interest, which her said husband was to have and hold in the concern. Thereafter in August, 1891, said institute was incorporated by appellant and appellees, who became the owners and holders of the entire stock of said corporation, appellant owning thirty shares of the capital stock of the par value of $50 per share. Upon the organization of said corporation all of the assets belonging to the Keeley Institute, including the right to practice said treatment under the process in question, were turned over to and merged in said corporation. Prior to February 10, 1892, as averred, appellant had no knowledge of the business affairs of said concern, and the same were managed exclusively by appellees, who concealed from her and her said husband, Andrew Dunnington, by whom she was represented, the books and business relating to said institute; that appellees knowing that appellant was ignorant of the value of her stock, and, knowing that its value was far in excess of its

par value, entered into and formed a conspiracy for the purpose of obtaining her stock for a sum greatly under its value, and for that purpose they represented to her through her said husband that said institute or corporation was losing money, and that the stock thereof had become greatly depreciated in value, and was worthless, and unless she sold the stock held by her within a certain time, they, appellees, would surrender up the right to practice said treatment, and would dissolve the corporation, and thereafter would organize a new one in which she would have no stock or interest. It is further averred that appellant by reason of these representations and statements believed that she was about to lose her stock or interest which she had and held in said corporation or institute, and, being ignorant of the value of her said stock, sold her interest in said corporation to one Rose for the sum of $5,000, which interest, in fact, was of the value of $25,000. It is also alleged that appellees thereafter represented to said Rose that he had been swindled in the purchase of appellant's interest, that she had no such interest in the concern as he had purchased, and advised him to "sell out". That thereafter Rose sold the interest which he had purchased from appellant to one Mahorney, who thereafter transferred the same to appellees; that the latter on becoming the sole owners of the stock of the corporation sold and transferred their right to practice said treatment in the State of Indiana for $50,000, retaining, however, their right to practice the same in the state of Kentucky. The complaint charges that all of the acts, representations, and statements of appellees were false and fraudulent, and made with the purpose and intent to defraud and cheat appellant, and that by reason thereof she has been damaged in the sum of $25,000, for which judgment is demanded. A demurrer to the complaint having been overruled, appellees answered by denying generally all of the allegations of the complaint, and by setting up affirmative matter as a defense. The issues being joined between the

parties, a trial before a jury resulted in the court, at the close of appellant's testimony, directing the jury to find for the defendants, with which instruction the jury complied, and over appellant's motion for a new trial judgment was rendered that she take nothing by her action, and that the defendants recover their cost.

The learned counsel for appellees in his argument whereby he seeks to parry the force of the contention of appellant's learned counsel, to the effect that the court erred in directing the verdict, vigorously assails the complaint on the ground that it wholly fails to state any cause of action against his clients, hence, it is insisted that the appellant is not in a position to complain of her failure to recover a judgment, for the reason that there is no foundation whatever upon which a judgment in her favor could rest or be supported.    But as the judgment must be affirmed for the insufficiency of the evidence to sustain the complaint, we pass this contention without consideration.

Counsel for appellant contends that the court erred in several instances, as shown by a bill of exceptions, in excluding testimony which appellant offered to prove by certain witnesses.    Passing the question raised by appellees as to the relevancy of the evidence in question, we are of the opinion that, under the circumstances, she is not in a position successfully to complain of these rulings of the trial court in excluding such evidence, for the reason, as it appears, that in each instance after the trial court had sustained appellees' objections to the question propounded to the witness by which the evidence in controversy was sought to be elicited, that appellant excepted to the ruling of the court, and thereafter made an offer or statement to the court of what she proposed to prove by the witnesses under the question propounded.    Such procedure, under a well affirmed rule of this court, does not raise or present any question for review in respect to the admissibility of the proposed evidence.    See, *Gunder* v. *Tibbits,* 153 Ind. 591, and cases

cited; *Whitney* v. *State,* 154 Ind. 573; *Shenkenberger* v. *State,* 154 Ind. 630; *Siple* v. *State,* 154 Ind. 647; *Rinkenberger* v. *Meyer,* 155 Ind. 152; *Wilson* v. *Carrico,* 155 Ind. 570; *Mark* v. *North,* 155 Ind. 575; *Slale, ex rel.,* v. *Cox,* 155 Ind. 593; *Miller* v. *Coulter,* 156 Ind. 290.

The question in respect to the alleged error of the court in denying appellant's application for a postponement of the trial on account of the absence of James E. Howland, a witness who resided at Streator in the state of Illinois, is next presented for our consideration. We are satisfied that the court committed no error in denying this application. Passing the question as to whether the application and the affidavit filed in support thereof disclosed due diligence on the part of appellant and her attorney in their endeavors to secure the testimony of this witness, it is certainly true that, under the facts alleged in the affidavit in support of the continuance, it was not made to appear that there was any probability of obtaining the testimony of this witness within a reasonable time. This, under the statute, is required to be shown. §413 Burns 1901, §410 Horner 1897.

It is lastly contended that the court erred in directing a verdict on the motion of appellees at the close of appellant's evidence. In this contention we do not concur. An examination of the evidence introduced by appellant upon the trial satisfies us that it wholly fails to establish any cause of action in favor of appellant. There is an entire absence of evidence in respect to some of the material points which entered into the alleged cause of action. The rule to the effect that where there is a "scintilla" of evidence the trial court must permit the case to be submitted to the jury for their determination does not prevail in this State. *Oleson* v. *Lake Shore, etc., R. Co.,* 143 Ind. 405, 32 L. R. A. 149; *Meyer* v. *Manhattan Ins. Co.,* 144 Ind. 439, and cases there cited; *Diezi* v. *Hammond Co.,* 156 Ind. 583.

Finding no available error, the judgment is affirmed. Hadley, J., did not participate in this decision.