BORG *v.* LARSON ET AL.

[No. 8,913. Filed January 25, 1916.]

1. NEGLIGENCE.—*Collision of Motor Vehicles.—Evidence.—Directing Verdict.*—In an action for injuries sustained by plaintiff in a collision with defendant's motor truck, where the evidence conclusively showed that plaintiff was riding a motorcycle along the street in the same direction in which the motor truck was being driven, that on the approach of the truck to an intersecting street the plaintiff, without warning or signal to the driver of the truck, attempted to pass on the right side of the truck while riding at an excessive speed and contrary to a city ordinance requiring overtaking vehicles to pass to the left, and notwithstanding there was ample room for his passage to the left, and that while he was in the

act of passing the motor truck was suddenly turned into the intersecting street, thereby striking plaintiff and causing his injuries, the court properly directed a verdict for defendant. pp. 516, 518, 519.

2. TRIAL.—*Directing Verdict.—Duty of Court.*—Where it is clear from the evidence that a verdict, if returned for the party having the burden of the issue, can not stand, it becomes the duty of the trial court to direct the verdict. p. 518.

3. HIGHWAYS.—*Regulation of Use.—Law of the Road.—Negligence.*— While traffic rules of public thoroughfares, whether based on the law of the road, an ordinance or statute, are not inflexible and may be properly disregarded in order to escape from danger to one's self or to prevent injury to others, one can not recover for injuries sustained in his disregard of such rules where the facts disclose no excuse therefor. p. 518.

From Lake Superior Court; *Virgil S. Reiter*, Judge.

Action by Christ L. Borg against Charles Larson and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*F. N. Gavit* and *John C. Hall*, for appellant.

*William J. Whinery* and *John D. Kennedy*, for appellees.

MORAN, J.—A collision occurred between appellant's motorcycle and appellees' motor delivery wagon upon one of the thoroughfares in the city of East Chicago, Indiana. In an action by appellant for personal injuries alleged to have been caused by appellees, the court, at the close of the evidence, directed a verdict in favor of appellees.

The error relied on for reversal is the overruling of appellant's motion for a new trial, which directs our attention specifically to the action of the court in giving to the jury a peremptory instruction in favor of appellees. Briefly, the complaint discloses that on August 31, 1912, while appellant was traveling upon a motorcycle and appellees' servant was in charge of a motor delivery wagon, each going in the same direction upon 145th Street in East Chicago, a

collision occurred between the vehicles at a point where appellees' servant in charge of the motor delivery wagon, attempted to turn into an intersecting street. It is alleged that the servant in charge of the motor delivery wagon carelessly and negligently and without warning to appellant turned sharply to the right over and against the motorcycle upon which appellant was riding and that appellant was violently thrown to the pavement and pushed against the curb of the street by reason of which he was greatly injured; and as a result thereof, he became sick, sore and lame and will be disabled during life. Prior to the injury appellees' servant had a plain view of the street, so that he could have seen appellant in time to have avoided the injury. Appellant was twenty-four years of age and in good health, and capable of earning $100 per month, and by reason of the injury was damaged in the sum of $5,000. An answer of general denial addressed to the complaint closed the issue, under which the evidence was adduced and which discloses

1. that appellant was a car inspector on his way to the Standard Steel Car Company's plant at Hammond; his journey brought him over and upon 145th Street, over which he had traveled to his work for some four months prior to the accident. The street was paved and was about fifty feet wide, with cement sidewalks and curbing. That as he turned into this street he observed appellees' motor delivery wagon some distance ahead, both vehicles pursuing their way westward. Northcote Avenue intersects with 145th Street at right angles, but extends no further south. When both vehicles were in close proximity to the intersection of Northcote Avenue with the street upon which they were traveling, appellant, without giving any signal, attempted to pass the motor delivery wagon upon the

right side, traveling at the rate of about fifteen miles per hour, and the servant in charge of the motor delivery wagon was unaware of appellant's presence, and desiring to leave 145th Street attempted to turn into Northcote Avenue, and in doing so, the motorcycle upon which appellant was riding came in contact with the right front wheel of the motor delivery wagon.

At the time there was in force in East Chicago an ordinance regulating the traffic of vehicles of all kinds upon the streets and alleys of the city, and which provided among other things that a vehicle overtaking another should pass on the left side of the overtaken vehicle; and a person in charge of any vehicle should as soon as practicable turn to the right to allow the overtaking vehicle to freely pass to the left; and a person upon turning a corner of any street or crossing the intersection of any street should not drive or propel a vehicle with a greater rate of speed than eight miles per hour. Appellant testified that after he had followed the automobile two blocks, and was within about seventy-five feet of the same, he made up his mind to pass on the right side; that he was traveling faster than the vehicle ahead, and there was nothing to prevent him passing on the left side. The delivery wagon had a top, which was closed at the sides and open at the back. That he observed the driver and the driver did not look back, and in order to observe appellant he would have to do so. Appellant gave no signal of any kind that he was attempting to pass. The accident occurred in an instant. A witness, who observed the collision, testified that the boy in charge of appellees' conveyance tried to avoid the accident after he observed appellant by attempting to swing his machine out to the west, but the street was too narrow and swung the motorcycle

and rider into the curb.   Charles A. Larson, who was in charge of appellees' motor delivery wagon, testified that at the time of the accident he was driving the conveyance at the rate of about six miles per hour, and had no knowledge that appellant was following him, and saw appellant for the first time just as he was making the turn into Northcote Avenue from 145th Street, and that appellant attempted to dodge around by turning in a kind of a circle into the intersecting street; that he applied the brakes, but when the compact took place, the steering gear was knocked out of his hand; and both vehicles and occupants were carried to the curb.

When and under what circumstances a trial court is justified in directing a verdict has received much attention by this and the Supreme

2.   Court, and a review of the authorities would serve no useful purpose.   In *Westfall* v. *Wait* (1905), 165 Ind. 353, 73 N. E. 1089, 6 Ann. Cas. 788, the rule seems to be clearly stated as follows: "If the evidence was of such a character as to make it clear to the court that a verdict, if returned for appellant, on whom the burden of the issue rested, could not stand, then it became the duty of the court to direct a verdict for appellees".   When appellant overtook appellees' servant in charge of the motor delivery wagon, there was, as is disclosed by the evidence, ample room for him to have

1.   passed to the left of appellees' conveyance, and in doing so he would have been obeying the ordinance, which appellees' servant had a right to expect, without being chargeable with negligence.

Traffic rules of public thoroughfares, whether

3.   based upon the law of the road, an ordinance or statute, are not inflexible rules.   *Neal* v. *Rendall* (1903), 98 Me. 69, 56 Atl. 209, 63 L. R. A. 668.   "Emergencies may arise where, in order to

escape from danger to one's self or to prevent injury to others, it will be not only excusable, but perfectly proper to temporarily violate the general rule." 2 Elliott, Roads and Sts. (3d ed.) §1081. However, the facts in the case at bar are not such as to disclose any excuse for appellant departing from the traffic rules of the street, upon which appellant and appellees' servant were traveling at the time of the collision, and to hold appellees guilty under the circumstances would be to hold that appellees' servant was bound, by reason of being on a public street, to be on the alert for the violation of such traffic rules and regulations by appellant. *Pick* v. *Thurston* (1903), 25 R. I. 36, 54 Atl. 600; *Elgin Dairy Co.* v. *Shepherd* (1915), 183 Ind. 466, 108 N. E. 234, 109 N. E. 353. We have carefully examined the evidence, and are satisfied that the same, with all the legitimate inferences which the jury

1. might reasonably have drawn therefrom, would be insufficient to sustain a verdict in appellant's favor on the negligence charged. The court did not err in directing the verdict. *Gregory* v. *Cleveland, etc., R. Co.* (1887), 112 Ind. 385, 14 N. E. 228; *Dunnington* v. *Syfers* (1901), 157 Ind. 458, 62 N. E. 29; *Westfall* v. *Wait, supra.* It is finally contended by appellant that should the court reach the conclusion that a recovery could not be had on the general charge of negligence that the facts and circumstances are such as to bring the cause within the doctrine of "last clear chance." Without entering upon a further analysis of the facts, they are not such as to invoke this doctrine.

Appellees insist that the peremptory instruction has not been properly brought into the record, and by reason of this infirmity the error predicated upon the giving of the same can not be considered.

The conclusion we have reached makes it unnecessary to pass upon this question.

Finding no available error in the record, in favor of appellant, judgment is affirmed.

Note.—Reported in 111 N. E. 201. As to care required to avoid collision on highway, see 48 Am. St. 372. On the rule of the road governing vehicles proceeding in the same direction, see 41 L. R. A. (N. S.) 337; Ann. Cas. 1913 A 833. See, also, under (1) 29 Cyc 525, 627; (2) 38 Cyc 1571; (3) 37 Cyc 274, 279.