133 S.E.2d 784 (1963)
E. C. DUNNING et al.
v.
BARLOW & WISLER, INC.
No. 12233.
Supreme Court of Appeals of West Virginia.
Submitted September 24, 1963.
Decided December 17, 1963.
*786 Ben B. White, Jr., Princeton, Leo Catsonis, Charleston, for appellant.
Arthur F. Kingdon, Bluefield, for appellees.
BROWNING, Judge.
Plaintiffs, E. C. and Lorain W. Dunning, instituted this action in the Circuit Court of Mercer County to recover the amount of property damage sustained in a collision between the automobile owned by them and the truck of the defendant. Defendant answered denying any negligence on its part but asserting, that if it were guilty of any negligence, then plaintiffs were guilty of contributory negligence barring any recovery. Unless otherwise specifically stated, the operators of the respective vehicles involved will be hereinafter designated as plaintiffs or defendant.
The case was tried to the Court, without a jury, and, on July 5, 1962, the Court entered judgment for the plaintiffs in the amount of $414.55, the order reciting the Court's findings of fact that the defendant's driver was guilty of negligence in four separate particulars and that the "Plaintiffs were not guilty of contributory negligence as a matter of law", and its "Conclusion of Law, that the negligence of the Defendant was the sole proximate cause of the accident, to which order this Court granted an appeal and supersedeas on April 1, 1963.
Errors assigned in this Court relate to the trial court's finding that plaintiffs were not contributorily negligent as a matter of law and its conclusion that the negligence of the defendant was the sole proximate cause of the accident.
The accident in question occurred January 29, 1962, on U. S. Route 52 north of Bluefield, West Virginia, at a point where the highway consists of two southbound traffic lanes and one northbound lane. Both vehicles involved were southbound. Plaintiffs' automobile was operated by their son, who testified: "* * * As I came into the lane, there was a truck ahead of me riding in the center lane, I came behind it and blew my horn; I blew it more than once, a couple of times. The driver failed to move to the right, I waited a few seconds, and pulled into the right lane, and waited a few more seconds, and he never signaled, and I started around him and blew my horn to let him know I was there; and when I blew my horn, he ran into my side and ran me into an embankment." On cross-examination, the witness testified that he traveled the road every day and that *787 there is a sign posted beside the road stating, "Keep right except to pass."
The driver of defendant's truck testified that: as he entered upon the three lane section of road "* * * I passed a car that was moving very slowly in the righthand lane, and ahead of me quite a little ways was a pick-up truck that wasn't going very fast that I intended to pass later on. And when I got up to about the entrance to Mr. Cook's dog kennel, I heard a horn suddenly, and I thought somebody else wanted the passing lane, and so I immediately pulled over to the right, I pulled into Mr. Dunning's car." He further testified that: the pick-up truck referred to was one hundred yards or more in front of him; there was a rear-view mirror mounted outside the truck on the driver's side and a rear window in the cab of the truck; there was no rear-view mirror in the cab; "I did not look back. I was looking ahead." and upon hearing the horn pulled over into the right lane; some paint had been removed in the area of the rear fender of the truck; and, he had gone perhaps "a couple of feet * * *" across the line dividing the traffic lanes when he heard brakes screaming. A passenger in the truck testified that he heard a horn and "Mr. Peale [the driver] was going to pull over. I heard a bump and looked out and this car was beside us." He also testified that the front of plaintiffs' automobile was "Right about where I was sitting."
Code, 17C-7-3, as amended, provides:
"The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to these limitations, exceptions, and special rules hereinafter stated.
"(a) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall give an audible signal and pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.
"(b) Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle."
Code, 17C-7-9, as amended, provides:
"Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply:
"(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
"(b) Upon a roadway which is divided into three lanes a vehicle shall not be driven in the center lane except when overtaking and passing another vehicle where the roadway is clearly visible and such center lane is clear of traffic within a safe distance, or in preparation for a left turn or where such center lane is at the time allocated exclusively to traffic moving in the direction the vehicle is proceeding and is signposted to give notice of such allocation.
"(c) Official signs may be erected directing slow-moving traffic to use a designated lane or designating those lanes to be used by traffic moving in a particular direction regardless of the center of the roadway and drivers of vehicles shall obey the directions of every such sign."
"The judgment in a law action heard by a court, in lieu of a jury, will be given the same force in this Court as though based on the verdict of a jury, and will not be disturbed unless plainly wrong, or without any evidence to support it." *788 Syl., Green v. Henderson, 136 W.Va. 329, 67 S.E.2d 554. "The finding of a trial court upon facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by an appellate court unless the evidence plainly and decidedly preponderates against such finding." Syl. Pt. 6, Daugherty v. Ellis, 142 W.Va. 340, 97 S.E.2d 33; General Electric Credit Corp. v. Fields, W.Va., 133 S.E.2d 780; Cotiga Development Company v. United Fuel Gas Co., W.Va., 128 S.E.2d 626; Edwards v. Hylbert, 146 W.Va. 1, 118 S.E.2d 347; Kinsey v. Carr, 60 W.Va. 449, 55 S.E. 1004. This principle, long established by the case law of this state, is reiterated by Rule 52(a), Rules of Civil Procedure, which, after requiring a trial court in actions tried upon the facts without a jury or advisory jury to find the facts specially and to separately state the conclusions of law thereon, provides that such "* * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *" In view of this rule this Court could not disturb the findings of the trial court as to the negligence of the defendant in violating the provisions of Code, 17C-7-9, as amended, or in failing to exercise due care under the circumstances, inasmuch as these are pure findings of fact which are amply supported by the evidence. However, it is fundamental that an appellate court is not bound by, nor required to give any special weight to, the conclusions of law applied by the trial court to the facts so found, it being the duty of the appellate court to determine whether the correct legal principles have been applied.
The question of contributory negligence is a mixed question of law and fact. Ewing v. Lanark Fuel Co., 65 W.Va. 726, 65 S.E. 200, 29 L.R.A.,N.S., 487. "When the evidence is conflicting, or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them, the questions of negligence and contributory negligence are for jury determination." Syl. Pt. 3, Spurlin v. Nardo, 145 W.Va. 408, 114 S.E.2d 913; Evans v. Farmer, W.Va., 133 S.E.2d 710; Spaur v. Hayes, W.Va., 126 S.E.2d 187; Leftwich v. Wesco Corp., W.Va., 119 S.E.2d 401; Overton v. Fields, 145 W.Va. 797, 117 S.E.2d 598; American Tel. & Tel. Co. v. Ohio Valley Sand Co., 131 W.Va. 736, 50 S.E.2d 884. But where the facts are undisputed and are such that reasonable minds can draw but one conclusion from them, the question of contributory negligence becomes a question of law for the court. Petros v. Kellas, 146 W.Va. 619, 122 S.E.2d 177; Graham v. Crist, 146 W.Va. 156, 118 S.E.2d 640; Wolfe v. Beatty Motor Exp., Inc., 143 W.Va. 238, 101 S.E.2d 81; Bower v. Brannon, 141 W.Va. 435, 90 S.E.2d 342, 346; Hartley v. Crede, 140 W.Va. 133, 82 S.E.2d 672. It has been said that "* * * If reasonable men cannot disagree upon the facts, a matter of law arises for the court, but learned judges sometimes do not agree as to whether the facts in a particular case are such that reasonable men could reach only one conclusion therefrom. There is no rule or principle of law that can serve as a definite guide post to point the way to a specific line of demarcation in this nebulous realm where the rights, duties and responsibilities of a court and jury meet. * * *" Bower v. Brannon, 141 W.Va. 435, 441, 90 S.E.2d 342, 346.
In the instant case the finding of "fact" by the trial court that "The plaintiffs were not guilty of contributory negligence as a matter of law" is, in effect, an overruling of a motion for a directed verdict on that ground, and equivalent to the submission of the issue of contributory negligence to a jury, which, coupled with the trial court's conclusion that the negligence of the defendant was the sole proximate cause of the accident, is tantamount to a jury verdict absolving the plaintiffs of any fault in the circumstances. Thus the errors assigned by the defendant are resolved into the sole issue of whether the plaintiffs were contributorily *789 negligent as a matter of law. If the answer to this question be affirmative, then the negligence of the defendant would not be the sole proximate cause of the accident; if negative, then the trial court's finding in that regard must be sustained because it cannot be said to be clearly erroneous.
It is well settled in this state that the violation of a statute is prima facie evidence of negligence, but to justify, or to defeat, a recovery it must be shown that such violation was a proximate cause of the plaintiffs' injury. Payne v. Kinder, W.Va., 127 S.E.2d 726; Spurlin v. Nardo, 145 W.Va. 408, 114 S.E.2d 913; Somerville v. Dellosa, 133 W.Va. 435, 56 S.E.2d 756. There is no contention, nor could there be, that plaintiffs' driver was not in violation of Code, 17C-7-3(a), as amended, requiring passing on the left, and Code, 17C-7-9(c), requiring obedience to road signs designating traffic lanes, in view of his admission that he was attempting to pass defendant's truck on the right at the time of the accident, and that he had observed the signpost. But did such violations proximately contribute to plaintiffs' injury? We think, at the least, that the facts, though undisputed, are such that reasonable men might draw different conclusions therefrom and such question was one for jury determination.
"The proximate cause of an injury is the last negligent act contributing to the injury and without which the injury would not have occurred." Syl. Pt. 5, Hartley v. Crede, 140 W.Va. 133, 82 S.E.2d 672; Matthews v. Cumberland & Allegheny Gas Co., 138 W.Va. 639, 77 S.E.2d 180; Webb v. Sessler, 135 W.Va. 341, 63 S.E.2d 65. The uncontradicted evidence in the instant case shows that the defendant's truck was occupying the center or passing lane when plaintiffs came up behind him, sounded the horn, and waited for defendant to yield the right of way. Upon defendant's failure to do so, plaintiffs moved to the right lane, again paused to observe whether defendant was going to obey the law and yield, and, discerning no action on the part of defendant indicating any intention to deviate from the course he was pursuing, started to pass defendant on the right, again sounding the horn to warn defendant of their presence; whereupon defendant, having failed to listen effectively to note the direction from which the horn was sounded and also failing to look to see that his move could be made with safety to any others then using the highway, immediately turned his truck into the right lane and into plaintiffs' automobile.
The evidence as to the relative position of the vehicles at the time of the impact is conflicting. Plaintiffs' driver states, "I was almost beside him when he came over." The passenger in defendant's truck states: "I seen it when he drove beside it when he started to get over from the passing lane after he blowed the horn." and again, "I heard a bump and looked out and this car was beside us" the front being "Right about where I was sitting." Defendant's driver does not state that he ever saw plaintiffs' car until he was a hundred feet up the road after the collision, but states that there was some paint removed from the truck "In the area of the rear fender." In drawing from this testimony the inference most favorable to the plaintiffs, it is not unreasonable to conclude that plaintiffs' car was almost abreast of defendant's truck when the defendant turned.
Plaintiffs, even though in violation of the statute requiring vehicles, to pass to the left of overtaken vehicles, had the right to assume that defendant would comply with the law and refrain from turning his vehicle until first ascertaining that the movement could be made with safety. Twyman v. Monongahela West Penn Public Service Co., 118 W.Va. 330, 191 S.E. 541, 545. Also, plaintiffs were in a position where they had a legal right to be. The right lane was designated for traffic and *790 there is no prohibition against a vehicle proceeding in that lane to a point immediately to the rear of a vehicle occupying the center lane. The vehicle in the center lane could slow imperceptibly causing the other car to draw alongside, or a vehicle could enter from a side road, into the right lane, and emerge abreast of a vehicle traveling in the center lane, creating identical situations with that in the instant case. It will be observed also that passing on the right is permissible in this state in certain situations. Code, 17C-7-4, as amended. If any of these instances had pertained plaintiffs would not have been in violation of the passing statute, and the accident would still have occurred due to defendant's failure to look to see whether his movement could be made with safety. Moreover, defendant heard a horn, which, in the course of natural events, he should have observed was on his right, denoting the presence of another vehicle in close proximity and indicating that some maneuver was to be made by that vehicle.
As stated in Leftwich v. Wesco Corp., W.Va., 119 S.E.2d 401, 410, "* * * The vehicle in front cannot entirely ignore the vehicle in the rear, but should keep a lookout where signals are given by the vehicle in the rear that would indicate some maneuver to be made by it. * *"
In Wright v. Clausen, 253 Ky. 498, 69 S.W.2d 1062, 104 A.L.R. 480, plaintiff instituted an action for personal injuries sustained when the automobile in which she was a passenger "* * * drew to the left somewhat, then turned to the right to enter the driveway, whereupon Clausen [the defendant], who, without sounding his horn, had stepped on the gas and undertaken to pass with his truck to the right of the sedan, struck head-on with his truck the right side of the sedan * * *." It will be noted that there was an intersecting driveway on the right and that defendant gave no warning of his intention to pass. The Court, in reversing a judgment for the defendant on the ground that the giving of an instruction on sudden emergency in behalf of defendant was erroneous, had this to say:
"We are not holding a motor vehicle may never pass upon the right of a vehicle it has overtaken, but one attempting to do so would certainly be required to exercise greater care than when passing on the left, as provided by * * * [statute].
"The driver of the overtaking car must blow his horn and give the vehicle in front a reasonable time to obey section 2739g-41 and to move over to the right. If he does not move over he has committed a misdemeanor for which he may be punished * * *. If the car in front after signal and after a reasonable time still refuses to move over, the car behind may then pass to the right of it, exercising that greater care and assuming that greater risk, commensurate with and inseparable from the unusual use it is making of the road in so passing."
See also the cases collected in 104 A.L.R. 541, et seq.
According to plaintiffs every reasonable and legitimate inference fairly arising from the evidence, as, of course, we must, Butcher v. Stull, 140 W.Va. 31, 82 S.E.2d 278, a fair inference arises that the plaintiffs' violation of the passing statute was a remote, and not a proximate, cause of the accident and we are, therefore, constrained to hold that the question of contributory negligence was properly one for jury determination, and the court's finding thereon, in lieu of a jury, not being clearly erroneous, should not be disturbed.
In so holding we have carefully considered the cases cited by counsel for appellant, Dreher v. Devine, 192 N.C. 325, 135 S.E. 29, 47 A.L.R. 696; Borg v. Larson, 60 Ind.App. 514, 111 N.E. 201; McCoy v. Home Oil & Gas Co. (Mo.App.1932), 48 S.W.2d 113, and have concluded that they are distinguishable from the instant case upon their facts. In the Dreher case, the *791 automobile was seeking to pass a truck on the left. The Borg and McCoy cases both involved an attempt to pass on the right, without any warning, at an intersection. The closest case to this one is that of Shakley v. Lee, 368 Pa. 476, 84 A.2d 322. In that case, also involving a three-lane highway, defendants' truck as it "* * * reached, or at least closely approached, a road, known as the Dewey Road which intersected the highway * * * suddenly started over from the center lane into the southbound lane and thereby came into collision with Shakley's car, which was then in the act of passing it to its right. * *" The trial court found Shakley contributorily negligent as a matter of law in that he had violated two statutes, one forbidding passing at an intersection and the other providing that vehicles shall pass on the left. The appellate court, after stating, "Defendant was obviously negligent in turning from the center into the southbound lane without warning and without having reasonably assured himself that no other vehicle was abreast of his truck or immediately to the rear of it in the lane into which he was moving.", affirmed the trial court in its holding that Shakley was contributorily negligent as a matter of law in violating the statute requiring passing on the left. However, we are unable to reconcile that holding with the court's holding that, as defendant, when he turned, had no intention of turning into the intersection, "therefore the existence of the intersection was merely an incidental circumstance of the accident and played no part whatever in its occurrence." We also find it difficult to relate its reasoning, in holding that passing on the right constituted contributory negligence as a matter of law, that: "* * * It is therefore obvious that if decedent had held back until the truck came over ahead of him into the southbound lane and had then himself entered the center lane and passed the truck on its left instead of on its right in violation of statute the accident would not have happened; * * *" which seems to pre-suppose some awareness on Shakley's part that the truck intended to turn, with the factual statement that "defendant's truck suddenly started over * * *" It will be noted that there is no mention of any signal given by Shakley before attempting to pass on the right.
Appellant, in its brief, also contends that plaintiffs are precluded from any recovery by the doctrine of assumption of risk. This defense was not asserted in defendant's answer as required by Rule 8(c), Rules of Civil Procedure, nor, if tried by express or implied consent of the parties, as permitted by Rule 15(b), was there any ruling by the trial court thereon. This Court, in cases within its appellate jurisdiction, will not consider nonjurisdictional questions which have not been determined by the trial court. Aetna Casualty and Surety Company v. Federal Insurance Co. of N. Y., W.Va., 133 S.E.2d 770, and as yet unreported.
The judgment of the Circuit Court of Mercer County is affirmed.
Affirmed.
HAYMOND, Judge (dissenting).
As in my opinion the judgment of the circuit court upon the evidence disclosed by the record was clearly wrong, I emphatically dissent from the decision of the majority of this Court which affirms that judgment in favor of the plaintiffs. I would reverse for the reason that the finding of the circuit court that the plaintiffs were not guilty of negligence is not supported by the evidence and that, in my opinion, it clearly appears from undisputed evidence that the plaintiffs were guilty of contributory negligence as a matter of law which bars them from any recovery against the defendant.
The material facts in connection with the collision between the Dodge automobile of the plaintiffs and the truck of the defendant are not disputed.
*792 The collision occurred about 5:00 o'clock in the evening of January 29, 1962, on a straight section of West Virginia Route 52, a public highway, in Mercer County, which contained three lanes. One lane was for northbound traffic and two lanes were for southbound traffic. In front of the entrance to this section of the highway there was a road sign which directed motorists to "keep right except to pass."
The driver of the automobile of the plaintiffs gave this version of the collision: "As I came into the lane, there was a truck ahead of me riding in the center lane, I came behind it and blew my horn; I blew it more than once, a couple of times. The driver failed to move to the right, I waited a few seconds, and pulled into the right lane, and waited a few more seconds, and he never signaled, and I started around him and blew my horn and let him know I was there; and when I blew my horn, he ran into my side and ran me into an embankment." He also testified that after the collision, in which the automobile of the plaintiffs was damaged, the driver of the truck stopped the truck, came back to the scene of the wreck and told the driver of the automobile of the plaintiffs that he "didn't see" the automobile of the plaintiffs and did not know of its presence, that he "heard a horn and just pulled over.", and that he "didn't think to look.", and "just pulled over into the right lane and hit me."
The driver of the truck of the defendant testified that immediately before the collision he was driving the truck in the passing lane, that he had passed an automobile that was moving slowly in the righthand lane, and that there was another automobile about a hundred yards in front of him that he intended to pass. He gave this version of the collision: "I heard a horn suddenly, and I thought somebody else wanted the passing lane, so I immediately pulled over to the right, and that's when the impact happened. When I pulled over to the right, I pulled into Mr. Dunning's car." He testified that there was no rear view mirror in the cab of the truck, that the rear view mirror was on the left side of the truck, that there was a window in the rear of the cab, that in order to obtain a view to the rear he would have to turn and look through the window, and that he was looking ahead and did not look to the rear of the truck at and immediately before the collision.
The amount of the damage to the automobile of the plaintiffs was not controverted and the only controversy between the parties involves the question of liability.
The provisions of Section 3 and Section 4, Article 7, Chapter 17C, Code, 1931, as amended, were in force and effect at the time of the collision between the automobile of the plaintiffs and the truck of the defendant. Section 3, paragraph (e), provides that "The driver of a vehicle overtaking another vehicle proceeding in the same direction shall give an audible signal and pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle." Section 4, paragraph (a), provides that "The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions: (1) When the vehicle overtaken is making or about to make a left turn; (2) Upon a street or highway with unobstructed pavement not occupied by parked vehicles of sufficient width for two or more lines of moving vehicles in each direction; (3) Upon a one way street, or upon any roadway on which traffic is restricted to one direction of movement, where the roadway is free from obstructions and of sufficient width for two or more lines of moving vehicles." Section 4, paragraph (b), provides that "The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. * *"
The undisputed testimony of the driver of the automobile of the plaintiffs was that within a few seconds after he blew the horn of that automobile and before the driver of the truck in response to the horn left the passing lane and entered the right *793 lane, as he was required to do, the driver of the automobile of the plaintiff attempted to pass to the right of the truck of the defendant as it was attempting to enter the right lane at a speed of about forty five miles per hour while the automobile of the plaintiffs was travelling at a speed of about fifty miles per hour. In attempting to pass the truck of the defendant on its right instead of waiting a few seconds and passing it on its left in the passing lane, the driver of the automobile of the plaintiffs flagrantly violated all of the quoted provisions of Sections 3 and 4 of the statute and according to his own undisputed testimony was guilty of contributory negligence.
The evidence shows that the violation of the foregoing provisions of the statute by the driver of the automobile of the plaintiffs proximately contributed to the collision and the resulting damage to the automobile of the plaintiffs. It is clear beyond question that if the driver of the automobile of the plaintiffs had waited until the passing lane was clear or had not attempted to pass the truck of the defendant, which was in full view of the driver of the automobile of the plaintiffs, on its right as the truck of the defendant was entering the right lane of the highway, the collision in which the automobile of the plaintiffs was damaged would not have occurred. Otherwise briefly stated, if the driver of the automobile of the plaintiffs had given the driver of the truck even a reasonable opportunity to leave the passing lane and enter the right lane the collision would not have happened. In consequence the attempt of the driver of the automobile of the plaintiffs to pass the truck of the defendant on its right instead of on its left in the passing lane constituted negligence that proximately contributed to the collision. This is established by the undisputed evidence and by the testimony of the driver of the automobile of the plaintiffs.
This Court has held in many cases that the violation of a statute or an ordinance is prima facie actionable negligence when it is the natural and probable cause of an injury. Payne v. Kinder, W.Va., 127 S.E.2d 726; Spurlin v. Nardo, 145 W.Va. 408, 114 S.E.2d 913; Barniak v. Grossman, 141 W. Va. 760, 93 S.E. 249; Walker v. Robertson, 141 W.Va. 563, 91 S.E.2d 468; Morris v. City of Wheeling, 140 W.Va. 78, 82 S.E.2d 536; Pitzer v. M. D. Tomkies and Sons, 136 W.Va. 268, 67 S.E.2d 437; Moore v. Skyline Cab, Inc., 134 W.Va. 121, 59 S.E.2d 437; Somerville v. Dellosa, 133 W.Va. 435, 56 S.E.2d 756; Rich v. Rosenshine, 131 W. Va. 30, 45 S.E.2d 499; Skaff v. Dodd, 130 W.Va. 540, 44 S.E.2d 621; Powell v. Mitchell, 120 W.Va. 9, 196 S.E. 153; Scott v. Hoosier Engineering Company, 117 W.Va. 395, 185 S.E. 553; Oldfield v. Woodall, 113 W.Va. 35, 166 S.E. 691; Tarr v. Keller Lumber and Construction Company, 108 W.Va. 99, 144 S.E. 881, 60 A.L.R. 570; Bobbs v. Morgantown Press Company, 89 W.Va. 205, 108 S.E. 879; Mangus v. Proctor-Eagle Coal Company, 87 W.Va. 718, 105 S.E. 909; Norman v. Virginia-Pocahontas Coal Company, 68 W.Va. 405, 69 S.E. 857, 31 L.R.A.,N.S., 504. Assuming that the defendant was negligent in that the driver of its truck failed to look when he attempted to enter the right lane, nevertheless, under the rule of the above cited cases the plaintiffs were guilty of negligence which proximately contributed to the damage sustained by their automobile in the collision between it and the truck of the defendant.
The findings of the trial court in lieu of a jury in this case that the defendant was guilty of negligence which was the proximate cause of the accident and that the plaintiffs were not guilty of contributory negligence are clearly not supported by the undisputed evidence disclosed by the record. Though findings of a trial court upon facts submitted to it in lieu of a jury are entitled to the same weight as a verdict of a jury, General Electric Corporation v. Fields, W.Va., 133 S.E.2d 780; Cotiga Development Company v. United Fuel Gas Company, W.Va., 128 S.E.2d 626; Edwards v. Hylbert, 146 W.Va. 1, 118 S.E.2d 347; Daugherty v. Ellis, 142 W.Va. 340, 97 S.E. 2d 33; Green v. Henderson, 136 W.Va. 329, *794 67 S.E.2d 554; Watkins v. Norfolk and Western Railway Company, 125 W.Va. 159, 23 S.E.2d 621; Board of Education of Hancock County v. Hartford Fire Insurance Company, 124 W.Va. 163, 19 S.E.2d 448; Moore v. Strickling, 46 W.Va. 515, 33 S.E. 274, 50 L.R.A. 279; Hysell v. Sterling Coal and Manufacturing Company, 46 W. Va. 158, 33 S.E. 95, and though such findings are entitled to great weight, Committee on Legal Ethics of West Virginia State Bar v. Pietranton, 143 W.Va. 11, 99 S.E.2d 15; Berry v. Colborn, 65 W.Va. 493, 64 S. E. 636, 17 Ann.Cas. 1018, such findings will be set aside, as will the verdict of a jury, if against the plain and unequivocal inferences arising from admitted or established facts. Committee on Legal Ethics of West Virginia State Bar v. Pietranton, 143 W.Va. 11, 99 S.E.2d 15; Berry v. Colborn, 65 W. Va. 493, 64 S.E. 636, 17 Ann.Cas. 1018; Chapman v. Liverpool Salt and Coal Company, 57 W.Va. 395, 50 S.E. 601; Hursey v. Hursey, 56 W.Va. 148, 49 S.E. 367.
This Court has held in many cases that a verdict of a jury which is not supported by sufficient evidence or is against the preponderance of the evidence will be set aside by this Court. Floyd v. Floyd, W.Va., 133 S.E.2d 726; Rockingham Poultry Marketing Cooperative v. Baltimore and Ohio Railroad Company, 145 W.Va. 787, 117 S.E. 2d 504; Lester v. Flanagan, 145 W.Va. 166, 113 S.E.2d 87; State ex rel. Shatzer v. Freeport Coal Company, 144 W.Va. 178, 107 S.E.2d 503; Reece v. Hall, 142 W.Va. 365, 95 S.E.2d 648; Hurt v. Gwinn, 142 W.Va. 259, 95 S.E.2d 248; Waddell v. New River Company, 141 W.Va. 880, 93 S.E.2d 473; Ritz v. Kingdon, 139 W.Va. 189, 79 S.E.2d 123; Owen v. Appalachian Power Company, 78 W.Va. 596, 89 S.E. 262; Fuccy v. Coal and Coke R. Company, 75 W. Va. 134, 83 S.E. 301; Booth v. Camden Interstate Railway Company, 68 W.Va. 674, 70 S.E. 559; Casto v. Baker, 59 W.Va. 683, 53 S.E. 600; Manss-Bruning Shoe Company v. Prince, 51 W.Va. 510, 41 S.E. 907; Miller v. White, 46 W.Va. 67, 33 S.E. 332, 76 Am.St.Rep. 791; Davidson v. Pittsburg, Cincinnati, Chicago and St. Louis Railway Company, 41 W.Va. 407, 23 S.E. 593; Johnson v. Burns, 39 W.Va. 658, 20 S.E. 686. The foregoing rule applies to a finding of fact by the trial court in lieu of a jury and such finding will be set aside if not supported by the evidence or is contrary to the preponderance of the evidence.
Though ordinarily the questions of negligence and contributory negligence are for the jury, when the material facts are undisputed and only one inference may be drawn from them by reasonable minds, the questions of negligence and contributory negligence are questions of law for the court. Petros v. Kellas, 146 W.Va. 619, 122 S.E.2d 177; Graham v. Crist, 146 W. Va. 156, 118 S.E.2d 640; Brake v. Cerra, 145 W.Va. 76, 112 S.E.2d 466; Workman v. Wynne, 142 W.Va. 135, 94 S.E.2d 665, and the many cases there cited. In Krodel v. Baltimore and Ohio Railroad Company, 99 W.Va. 374, 128 S.E. 824, this Court held in point 5 of the syllabus that "Where the facts which control are not disputed and are such that reasonable minds can draw but one conclusion from them, the question of contributory negligence barring recovery is one of law for the court." See also Barr v. Curry, 137 W.Va. 364, 71 S.E.2d 313; Daugherty v. Baltimore and Ohio Railroad Company, 135 W.Va. 688, 64 S.E. 2d 231; Yuncke v. Welker, 128 W.Va. 299, 36 S.E.2d 410; McLeod v. Charleston Laundry, 106 W.Va. 361, 145 S.E. 756; Robertson v. Monongahela Power and Railway Company, 99 W.Va. 356, 128 S.E. 829; Jameson v. Norfolk and Western Railway Company, 97 W.Va. 119, 124 S.E. 491; Cavendish v. Chesapeake and Ohio Railway Company, 95 W.Va. 490, 121 S.E. 498; Robinson v. Chesapeake and Ohio Railway Company, 90 W.Va. 411, 110 S.E. 870. As the driver of the automobile of the plaintiffs, in violating the provisions of Sections 3 and 4, Article 7, Chapter 17C, Code, 1931, as amended, was guilty of negligence which proximately contributed to the damage sustained by their automobile in the collision between it and the truck of the defendant, *795 the plaintiffs were guilty of contributory negligence as a matter of law and were not entitled to any recovery against the defendant; and the refusal of the circuit court to find that the plaintiffs were guilty of contributory negligence as a matter of law, in my judgment, constituted prejudicial error which calls for reversal of the judgment by this Court.
For the foregoing reasons and under the authorities cited and referred to in this opinion, I dissent from the holding of the majority and would reverse the judgment of the circuit court, remand the case, and award the defendant a new trial.
I am authorized to state that Judge CALHOUN concurs in the views expressed in this dissenting opinion.