Hermis H. Skeen

*v.*

C and G Corporation, *a corporation, and* Casto Trailer Sales, Inc., *a corporation*

(No. 12908)

Submitted September 7, 1971. Decided December 14, 1971.

Dissenting Opinion December 14, 1971.

*Charles E. Hurt,* for appellant.

*Kay, Casto & Chaney, George S. Sharp, Steptoe & Johnson, Charles W. Yeager,* for appellees.

CAPLAN, PRESIDENT:

In an action instituted in the Court of Common Pleas of Kanawha County, the plaintiff, Hermis H. Skeen, sought to recover from the defendants, C and G Corporation and Casto Trailer Sales, Inc., manufacturer and retail dealer, respectively, of mobile homes, for the loss of a new mobile home which he had purchased from Casto. Upon trial of the case the jury returned a verdict against both defendants and assessed damages in the sum of $5,487.25, upon which verdict judgment was entered. Subsequently, upon an appeal of this judgment to the Circuit Court of Kanawha County, said judgment was reversed and the case was remanded to the Court of Common Pleas with directions that judgment be entered for C and G Corporation and that Casto Trailer Sales, Inc. be awarded a new trial.

Contending that the Circuit Court erred in entering such judgment, the plaintiff prosecutes this appeal.

On March 30, 1964 the plaintiff entered into a contract with Casto Trailer Sales, Inc., for the purchase of a new Baron 51 x 10 mobile home, the price thereof being $4,815.25. This mobile home was manufactured by defendant C and G Corporation and sold to Casto. Pursuant to the contract, on March 31, 1964, the mobile home was delivered to the plaintiff's lot and he and his family moved in. Although the mobile home was completely furnished, it is undisputed that the plaintiff moved in many other items such as appliances, a television set, clothing and other personal belongings.

Upon occupying the mobile home, several defects became evident. The hot water heater did not work; a ceiling light flickered, made noise, burned dim and would not turn off; a wall light did not function; and the body of the trailer on the outside conveyed an electric shock upon contact. The plaintiff reported these complaints to Casto and was advised that one of its repairmen would stop by and correct these faults.

On the evening of April 3, 1964, three days later, a Casto repairman came to the plaintiff's mobile home residence and, upon inspection, acknowledged the existence of certain defects. He testified that "I knocked on the door and when I knocked on the door it shocked me all over." He said that when you touch the mobile home you get an electric shock. Also, he related that the element in the hot water heater had burned out, although he did not inspect it. Nonetheless, the Casto repairman told the plaintiff to leave the electric current on all night and assured him that the trailer was safe. He advised the plaintiff that he would be back the next day to complete the repairs. On the following day, April 4, 1964, just four days after delivery of the mobile home and before the repairman returned, the trailer and its contents were totally consumed by fire.

In his complaint the plaintiff charged that C and G Corporation was negligent in the manufacture of the trailer

and failed to use due care in its construction and testing. He alleged that Casto delivered the trailer in a dangerous condition, having failed to properly inspect it prior thereto. In separate counts the plaintiff further charged that C and G Corporation and Casto warranted the mobile home to be in all respects in good condition and without any substantial defects; that he purchased it in reliance on said warranty; that the mobile home was not in fact in good condition and without substantial defects in that it was dangerous to persons and property when used as a family residence; that they impliedly warranted the mobile home to be suitable, safe and fit for the purpose for which it was designed and sold; and that it was not so suitable and safe, the implied warranty thereby being breached.

It was then related in the complaint, "the thermostat regulating the heating unit in the said mobile home began to make a clicking noise, that immediately thereafter fire broke out in the wall and ceiling and around the thermostat" and despite the efforts of the plaintiff the home and its contents were totally consumed by fire, resulting in a total loss of $5,920.94.

C and G Corporation filed its motion and amended motion to dismiss the action on the ground that it is a corporation organized and existing under the laws of a state other than the State of West Virginia; that it is not subject to service of process in this state; and that it has not been properly served with process. This motion was overruled by the trial court on January 5, 1967 and the matter raised therein is not an issue on this appeal.

Casto Trailer Sales, Inc. filed an answer to the complaint wherein it denied that it was negligent as charged by the plaintiff. It also asserted against the plaintiff the defenses of contributory negligence and assumption of risk. Also, as a defense, Casto says that there was an express written warranty from C and G Corporation to the plaintiff, which warranty excludes all other warranties and which was not declared upon in plaintiff's complaint.

In addition to its answer to the complaint of the plaintiff, Casto filed a cross-claim against C and G Corporation. Therein it noted that it bought the subject trailer from C and G Corporation for resale; that C and G warranted that the mobile home had been manufactured with reasonable care and was safe and suitable for the use for which it was sold; that it, Casto, had made the usual and customary inspections; that if the plaintiff suffered any loss by reason of any defect, the loss was suffered by reason of the breach of the aforesaid warranty; and that if any judgment be awarded the plaintiff against it, it be awarded a like sum against defendant C and G Corporation.

C and G Corporation answered the cross-claim of Casto denying that it owed any obligation to Casto to indemnify or hold it harmless. That defendant did not file an answer to the plaintiff's complaint until, at the close of the latter's evidence, he was permitted to do so on motion to the court. Therein he denied that the mobile home had been negligently manufactured and tested and denied that it was not in good condition and without substantial defect. The general purport of C and G Corporation's answer to the plaintiff's complaint was to deny negligence.

C and G asserted before the Circuit Court that the trial court had erred in refusing to direct a verdict for it at the conclusion of the plaintiff's evidence and at the conclusion of all the evidence for the reason that the plaintiff had failed to prove any grounds for recovery against C and G. Therefore, it contended that as a matter of law the plaintiff was not entitled to recovery against it. Casto asserted before that court that the plaintiff failed to make a prima facie case against it and that there was no competent evidence that Casto was guilty of negligence which proximately caused or contributed to the damage complained of; also, that there was no competent evidence as to the cause of the fire.

Holding that the defense by C and G involved the disclaimer provision of the manufacturer's warranty, that the disclaimer issue was tried with the implied consent

of the parties, that the disclaimer provision eliminated any implied warranty of fitness and that there was absolutely no evidence of negligence on the part of C and G, the Circuit Court on appeal from the trial court reversed the latter's judgment and directed that judgment be entered for C and G Corporation.

On that appeal the Circuit Court further held that Instruction No. 10-A, offered by the plaintiff and given, was not supported by the evidence and that the giving thereof constituted reversible error. By reason of this ruling the judgment against Casto was reversed and remanded to the trial court for a new trial.

Although the plaintiff assigns numerous errors on this appeal, those principally relied on and which are dispositive of this case relate (1) to the Circuit Court's ruling on the disclaimer provision of the manufacturer's warranty and (2) that court's ruling that the giving of plaintiff's Instruction No. 10-A constituted reversible error.

Let us first consider the assignment of error relating to Instruction 10-A. That instruction, as amended, and given by the trial court, reads:

> "The Court instructs the jury that if they believe from a preponderance of the evidence that the plaintiff called the defendant, Casto Trailer Sales, Inc., for repair service to his hot water heater, and that said employee was aware of any defective functioning of the electrical system of the trailer; and that he thereafter did undertake the repair or correction of such defects if any, then you may find that Casto Trailer Sales, Inc., was negligent, and if you further find such negligence, if any, proximately caused the fire and loss, then you may find for the plaintiff and against the defendant, Casto Trailer Sales, Inc., unless you shall further find from a preponderance of the evidence that the plaintiff himself was guilty of negligence with respect to any such defects which proximately contributed to the fire and loss."

The Circuit Court, concurring in the objection registered by counsel for Casto, held that there was no evidence that defendant Casto's repairman "did undertake the repair or

correction of such defects, if any * * *." While it is a well accepted principle that it is error to give an instruction for which there is no basis in the evidence, it is equally well accepted in our jurisdiction that slight evidence will serve to support the giving of an instruction. *Roberts* v. *Baltimore & Ohio Railroad Company,* 72 W.Va. 370, 78 S.E. 357. The "slight evidence" rule was again stated by this Court in *Dangerfield* v. *Akers,* 127 W.Va. 409, 33 S.E.2d 140, in the following language: "Slight evidence will generally authorize the court to give an instruction presenting the theory of a litigant based thereon." See 10 M.J., *Instructions,* Section 21.

In his testimony the plaintiff related the difficulty that he had experienced with the hot water heater in his newly acquired trailer. In addition thereto he noted other faults, most of which are listed above and concern the electrical system. He reported these defects to Casto Trailer Sales, Inc. and in response thereto one of its service representatives called upon him. The plaintiff told the serviceman about the trouble he had experienced and that the hot water tank would not function. Mr. Skeen testified that "he went in and checked on it and fiddled around with it and he checked it and said it had current and he said he didn't think I had left it on long enough and he said to leave it on all night and he would be back in the morning at ten o'clock * * *". Furthermore, it is undisputed that the serviceman was fully cognizant of certain defects in the electrical system as evidenced by the shock he said he received upon touching the trailer.

After thoroughly considering all of the testimony we believe that there is sufficient evidence to support Instruction 10-A. There is evidence that Casto Trailer Sales, Inc., through its service representative, did undertake the repair of the defects heretofore noted. Casto undertook such repairs when it dispatched its serviceman to the plaintiff's mobile home for that purpose. That it did not consummate the undertaking is of no consequence to the issue presented here. There is sufficient evidence in relation to the aforesaid instruction to show that Mr. Sisson,

the serviceman, undertook the repair of the reported defects when he inspected the trailer, noted the defects, "checked on it and fiddled around with it", advised the plaintiff to leave the current on and assured him that he would be back the next day at ten o'clock.

To undertake the repair or correction of defects as contemplated in Instruction 10-A does not necessarily mean that the repairs must be partially completed. One undertakes to perform when he agrees to do a certain act, enters upon the premises and makes himself responsible to perform such act. See Webster's International Dictionary, Second Edition; Black's Law Dictionary, Fourth Edition. It is our belief that the word "undertake", as used in the instruction, contemplated a broad construction rather than the narrow one applied by the Circuit Court.

In the instant case we believe that Casto Trailer Sales, Inc., through its representative, in the circumstances revealed by the evidence, assumed the responsibility for the defects and thereby undertook to make the repairs. Upon assuming this responsibility its negligence became apparent by its omission to act and the subsequent damage that occurred. Furthermore, we do not agree that the repairman assumed the responsibility only for the repair of the hot water heater. There is evidence that all of the defects were reported to him and defendant Casto thereby became responsible for the proper repair thereof.

The evidence above alluded to in relation to the repairman's visit to the plaintiff's mobile home is not undisputed. Mr. Skeen testified that he reported several defects in the electrical system, while Mr. Sisson, the repairman, related that he did not remember being told of such defects. He admitted, however, that by reason of having received an electric shock, as noted herein, he had knowledge of the fault about which the plaintiff complained. Any conflict in the evidence is to be resolved by the jury and when so resolved its verdict should not be reversed by a court if there is a basis in the evidence for such verdict.

This Court has consistently held that it is the peculiar and exclusive province of the jury to weigh the evidence and to resolve questions of fact when the testimony of witnesses regarding them is conflicting and the finding of a jury upon such facts will not ordinarily be disturbed. See *Western Auto Supply Co.* v. *Dillard*, 153 W.Va. 678, 172 S.E.2d 388; *Sydenstricker* v. *Vannoy*, 151 W.Va. 177, 150 S.E.2d 905; *Graham* v. *Crist*, 146 W.Va. 156, 118 S.E.2d 640; *Overton* v. *Fields*, 145 W.Va. 797, 117 S.E.2d 598; *Lewis* v. *Mosorjak*, 143 W.Va. 648, 104 S.E.2d 294; *Workman* v. *Wynne*, 142 W.Va. 135, 94 S.E.2d 665.

We are of the opinion that the evidence, even though it may be slight, was sufficient to permit the jury to decide whether or not Casto's repairman did undertake to repair the defects in the trailer and whether or not he was negligent in such undertaking, and that an appellate court should not set aside such verdict merely because that court arrives at a different conclusion. For these reasons we believe that the Circuit Court erred in reversing the verdict against Casto Trailer Sales, Inc. on the basis of insufficient evidence to support Instruction 10-A.

A further issue raised by the plaintiff on this appeal relates to the disclaimer contained in the warranty issued by C and G Corporation which is in the following language: "* * * This warranty is especially in lieu of all other warranties expressed or implied and all other obligations or liabilities on the part of C and G Corp. * * *." As herein noted C and G Corporation was permitted to file a tardy answer to the plaintiff's complaint, the whole purport of which was the denial of negligence in the manufacture of the mobile home. It was contended below and is here contended by the plaintiff that in view of C and G Corporation's failure to affirmatively plead the disclaimer as a defense, such disclaimer is of no consequence and if there is sufficient proof of negligence in the manufacture of the trailer, the plaintiff is entitled to recover.

The Circuit Court rejected the plaintiff's contention and held that since the warranty, which included the disclaimer, was made a part of the record, the defense undertaken by C and G involved such disclaimer. The disclaimer issue, said the court, was tried with the implied consent of the parties within the purview of Rule 15 (b), R.C.P. Where pertinent, that rule reads: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings".

While it is undisputed that the warranty was a part of the record, we do not believe that its mere existence therein demonstrates any implied consent by the plaintiff to consider the disclaimer as having been pleaded in defense. Therefore, the issue to be resolved here is whether or not it was incumbent upon C and G Corporation to affirmatively plead the disclaimer provision of the warranty as a defense in order to avail itself of its effect.

While the West Virginia Rules of Civil Procedure are designed to expedite and simplify the trial of an action, certain requirements still must be met in the pleadings in order to properly arrive at the issue to be decided. Rule 8, R.C.P. prescribes the manner in which pleadings must be made. After providing for the claim in Rule 8 (a), Rule 8 (b), relating to defenses, says "A party shall state in short and plain terms his defenses to each claim asserted * * *." Rule 8 (c), then mandatorily requires certain defenses to be affirmatively pleaded. Its language, in part, follows: "In pleading to a preceding pleading, a party *shall set forth affirmatively* accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, *and any other matter constituting an avoidance or affirmative defense.*" (emphasis supplied)

We are of the considered opinion that in order for C and G Corporation to have availed itself of the disclaimer

provision as a defense, it was essential that it so plead it affirmatively. An examination of the pleadings shows that the plaintiff relied, in addition to the negligence of C and G Corporation, on its warranty of fitness. C and G's answer denies negligence but fails entirely to even allude to the warranty. In fact, other than including the warranty with its answers to the interrogatories, that defendant presented no defense. We believe that the mere existence of the warranty in the record, without more, does not satisfy the provisions of Rule 8(c), R.C.P. Disclaiming liability and responsibility under the warranty constitutes an affirmative defense which must be "set forth affirmatively". Rule 8(c) R.C.P. See *Miller* v. *Andy Burger Motors, Inc.*, (Mo. 1963) 370 S.W.2d 654, wherein the court said: "The defense that the parties expressly limited the extent of the warranties is an affirmative defense that must be pleaded and proven."

As noted herein, the plaintiff alleged in his complaint that C and G Corporation was negligent in the manufacture and testing of the mobile home. C and G Corporation denied that it was negligent. The case was tried and decided by the jury on the issue of negligence, not the disclaimer in the warranty as contended by C and G and as held by the Circuit Court. No instruction was offered by C and G Corporation relating in any manner to the warranty or the disclaimer included therein.

The three instructions offered by that defendant pertained to the question of its negligence and whether, if such negligence were found to exist, it was the proximate cause of the fire; also whether the plaintiff's actions caused such fire. On this question the jury could have found, pursuant to C and G's Instruction No. 1, that the plaintiff proved by a preponderance of the evidence that such defendant was guilty of negligence which proximately caused the fire. This is not altered by the fact that the jury could have based its verdict on Instruction No. 7, offered by the plaintiff and given, which would permit the plaintiff to recover on the theory of implied warranty.

The only issue left for determination on this appeal, therefore, is whether there was sufficient evidence to support the jury's verdict in favor of the plaintiff. If there was, the Circuit Court erred in reversing such verdict; if there was not, said court was correct. The following general principle, expressed in Point 6 of the Syllabus of *Nesbitt* v. *Flaccus,* 149 W.Va. 65, 138 S.E.2d 859, must be kept in mind in deciding this issue: "In determining whether the verdict of a jury is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned, must be considered, and those facts which the jury might properly find under the evidence must be assumed as true." See *Smith* v. *Rude Carrier Corp.,* 151 W.Va. 322, 151 S.E.2d 738; *Walker* v. *Monongahela Power Co.,* 147 W.Va. 825, 131 S.E.2d 736; *Graham* v. *Crist,* 146 W.Va. 156, 118 S.E.2d 640; and *Browder* v. *The County Court of Webster County,* 145 W.Va. 696, 116 S.E.2d 867.

In the instant case the jury verdict was approved by the trial judge before whom the case was tried. It has been well settled by the decisions of this Court that "A verdict approved by the trial court will not be set aside on the ground that it is contrary to the evidence unless in that respect it is clearly wrong." *Laxton* v. *National Grange Mutual Insurance Company,* 150 W.Va. 598, 148 S.E.2d 725. See *Morgan* v. *Price,* 151 W.Va. 158, 150 S.E.2d 897; *Miners' and Merchants' Bank* v. *Gidley,* 150 W.Va. 229, 144 S.E.2d 711; and *Poe* v. *Pittman,* 150 W.Va. 179, 144 S.E.2d 671. The Circuit Court, in its appellate capacity, reversed, as contrary to the evidence, a jury verdict approved by the trial court. Unless the verdict was clearly wrong that court's action constitutes reversible error.

The plaintiff placed in evidence the testimony of a licensed electrician with twenty years experience who was properly qualified as an expert in that field. He testified that the manner in which the plaintiff connected the trailer electrically to the fuse box would not cause a fire.

Thus, there was credible evidence that the plaintiff's action in connecting the mobile home electrically did not cause the fire. If this created a conflict in the evidence, then, in accordance with the foregoing principles, such conflict was for jury determination.

This expert witness further related that the fact that the body of the trailer conveyed a shock upon touch, indicated that there was a short within the trailer; also the faulty switch indicated a short. Based on a hypothetical question, this witness acknowledged that faulty wiring could be involved. After more or less summarizing the various faults found, pertaining to the electrical system, he expressed his opinion with a reasonable degree of certainty that such faults "will definitely cause a fire."

C and G Corporation complains that this testimony and other evidence purporting to show its negligence constitutes mere conjecture and that unless the evidence shows with specificity the exact place where the fire started and the exact wires or electrical facilities which caused it, the plaintiff has failed in its proof. We do not agree with this position. Evidence by a properly qualified witness certainly is admissible for jury consideration. While this witness could not inspect the trailer and point out the exact wires or electrical parts as those that caused the fire, he did express his opinion as an expert as to the cause of the fire. In the instant circumstances where the trailer was totally consumed by fire it would be too harsh to expect proof of the exact wires that caused the fire. If this were required a plaintiff could never prove liability where there was total destruction by fire. True, he must prove his case. This he has done by an expert witness who has expressed an opinion with a reasonable degree of certainty. That there was evidence to the contrary merely created a jury question which was resolved by that panel. We are of the opinion that there was sufficient evidence to support the jury verdict and that in view of the principles expressed herein, the Circuit Court erred in setting such verdict aside.

For the reasons stated herein the judgment of the Circuit Court of Kanawha County is reversed and the case is remanded with directions to reinstate the jury verdict against both defendants.

*Reversed and remanded*
*with directions.*

BERRY, JUDGE, dissenting:

I respectfully dissent from the majority opinion wherein it is held that it was not error for the trial court to give Instruction 10-A. This instruction states that the employee for the defendant, Casto Trailer Sales, Inc., a Corporation, did undertake to repair or correct such defect in the hot water heater. This does not appear to me to be a correct statement of the evidence introduced during the trial of this case with regard to this matter. The employee never did undertake to repair the hot water heater. He merely told the plaintiff to leave it on and that he would be back the next day. Therefore, it would appear that there was no basis in the evidence to support this instruction, and it has been repeatedly held that such an instruction constitutes reversible error. *Roberts v. Railroad Co.,* 72 W.Va. 370, 78 S.E. 357; *Dangerfield v. Akers,* 127 W.Va. 409, 33 S.E.2d 140.

On this ground alone, I would affirm the Circuit Court acting as an Intermediate Appellate Court in holding that it was error to give this instruction, and would remand the case to the Common Pleas Court of Kanawha County for a new trial.

The majority opinion also holds that the so-called disclaimer in the warranty which excluded all other warranties, express or implied, was an affirmative defense and had to be specially pleaded under Rule 8(c), R.C.P. The entire warranty was placed in the evidence by agreement of the parties and relied on during the trial. I am of the opinion that even if the disclaimer is an affirmative defense, inasmuch as it was tried by an express agreement of the parties, it should be treated in all respects as if it had been raised in the pleadings under the provisions

of Rule 15 (b), R.C.P. This procedure is supported by 3 MOORE's FEDERAL PRACTICE, Second Edition, § 15.13 [2] at page 987, wherein it is stated: "Rule 15 (b), of course, is applicable to defenses as well as to claims, and to the extent to which it applies, Rule 15 (b) operates as an exception to the rule that defenses not pleaded are waived. The fact that a defense, *even an affirmative defense,* has not been formally pleaded is immaterial if the issue was tried by express or implied consent." [Emphasis supplied.] Such procedure has been specifically approved in the case of *Lomartira* v. *American Automobile Insurance Company,* 245 F. Supp. 124. This Court has clearly indicated that such procedure should be followed. See *Floyd* v. *Floyd,* 148 W.Va. 183, 133 S.E.2d 726; *Dunning* v. *Barlow & Wisler, Inc.,* 148 W.Va. 206, 133 S.E.2d 784.

Inasmuch as this sale occurred in March, 1964, the Uniform Commercial Code is not applicable because it was not effective until July, 1964. Consequently, we cannot consider the provisions of the Uniform Commercial Code in the disposition of this case. The cases of *Payne* v. *Valley Motors,* 146 W.Va. 1063, 124 S.E.2d 622, and *Williams* v. *Chrysler Corporation,* 148 W.Va. 655, 137 S.E.2d 225, would therefore have to be considered, and if the Court at this time does not agree with these decisions they should be specifically overruled.

For the reasons stated herein, I would affirm the judgment of the Circuit Court of Kanawha County and remand the case to the Common Pleas Court of Kanawha County for a new trial.