# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Edward R. Kohout, Defendant Below,**
**Petitioner**

**vs) No. 12-1062** (Monongalia County 11-C-558)

**Metro Towers, LLC, a West Virginia**
**Limited Liability Company and**
**David Biafora, Defendants Below,**
**Respondents**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

*Pro se* petitioner Edward R. Kohout appeals the August 6, 2012 order of the Circuit Court of Monongalia County granting partial summary judgment in respondents' favor, and also the September 12, 2012 order denying his motion to set aside the verdict and for a new trial. Respondent Metro Towers, LLC, by counsel J. Bryan Edwards, has filed a response and a supplemental appendix and also appeals the January 30, 2013 order denying its motion to alter or amend judgment.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error in regard to petitioner's assignments of error. However, as more fully explained below, the Court finds prejudicial error in regard to respondent's cross-assignment of error. The Court is of the opinion that the circuit court erred in awarding petitioner damages for rent because the lease in question provided for its termination upon non-payment of rent and because petitioner admittedly paid no rent to Respondent Metro Towers, LLC ("Metro Towers") while he occupied the space. Accordingly, this case satisfies the "limited circumstances" requirement of Rule 21(d) and it is appropriate for the Court to issue a memorandum decision rather than an opinion.

The lawsuit below concerned incidents related to petitioner's home on Evans Street in Morgantown, West Virginia, as well as a lease for office space in a nearby building. According to petitioner, he began renting the house on Evans Street in 2009 from McCoy 6 Apartments, LLC ("McCoy 6"). Petitioner asserts that the house's owner told him that he could park in an adjacent parking lot that served Grand Central Business Center, LLC (Grand Central), where petitioner

---

[1]Respondent David Biafora has not made an individual appearance with the Court in this matter. In his complaint, petitioner alleged that David Biafora and Rick Biafora, also a named defendant below but not a respondent on appeal, owned Metro Towers, LLC. However, in their joint answer, all defendants denied that either David or Rick Biafora owned Metro Towers, LLC.

also leased office space. After both McCoy 6 and Grand Central declared bankruptcy, Respondent Metro Towers purchased Grand Central's buildings subject to all existing leases, and petitioner purchased the home he had been renting. According to respondent, its purchase included a perpetual easement on the parking lots surrounding the buildings at Grand Central and also the real property beside the Evans Street house in question.

The circuit court below specifically found that petitioner failed to pay rent to Respondent Metro Towers from August 27, 2010, the date respondent purchased Grand Central, until November 12, 2010, that date that petitioner vacated the office space at Grand Central. On October 11, 2010, Respondent Metro Towers sent letters to the Grand Central tenants seeking rent and informing them of respondent's intention to convert the office spaces into residential apartments. The letter directed tenants to vacate the premises by November 30, 2010. On October 29, 2010, Respondent Metro Towers sent petitioner a letter indicating that it had not received rent for the month of October and directed him to pay the same.

Sometime in June of 2011, petitioner was told he could no longer park on Metro Towers' property. However, petitioner admittedly continued to park on the lot, and at least two confrontations between petitioner and Respondent David Biafora occurred in regard to petitioner's continued parking on the lot. In fact, police responded to disputes between the individuals on two separate occasions. Petitioner thereafter filed a civil action seeking declaratory judgment in regard to a parking easement, and also sought damages for insulting words, defamation, civil assault, tortious interference with business/breach of lease, trespass, and private nuisance. Respondents thereafter countersued, seeking unpaid rent and damages for defamation and trespass. The circuit court later granted summary judgment in respondents' favor on petitioner's claims for an easement and bifurcated the issue of rent for the office space in Grand Central from the remaining claims to be determined by the court as a matter of law. In August of 2012, a two-day jury trial was held, after which the jury found against petitioner on all of his claims, and also found that petitioner had trespassed on respondents' property. In its August 10, 2012, "Verdict Form," the jury awarded respondents $120 in punitive damages. In its October 12, 2012, "Final Order," the circuit court awarded respondent $2,387.50 for unpaid rent for the period of August 27, 2010, through November 12, 2010, and awarded petitioner $2,865 pursuant to the early termination provision of the lease in question, resulting in respondent owing petitioner $477.50.

Petitioner thereafter filed a motion to set aside the jury's verdict and for a new trial. The circuit court denied the motion by order entered on September 10, 2012, but granted petitioner relief by setting aside the jury's award of $120 in punitive damages. Additionally, respondents filed a motion to alter or amend the circuit court's "Final Order," which the circuit court denied by order entered on January 30, 2012. Petitioner now appeals the circuit court's orders granting summary judgment for respondents and denying his motion to set aside the verdict and for a new trial. In its cross-assignment of error, Respondent Metro Towers alleges error with the circuit court's order denying its motion to alter or amend the "Final Order."

In regard to petitioner's first assignment of error concerning the circuit court's grant of partial summary judgment in respondents' favor on the issue of an easement, we find that the

circuit court did not err. As we have previously held, "'[a] circuit court's entry of summary judgment is reviewed *de novo*.' Syllabus point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994)." Syl. Pt. 1, *Toth v. Bd. of Parks and Recreation Com'rs*, 215 W.Va. 51, 593 S.E.2d 576 (2003). Petitioner sought an easement in order to park his car on the parking lot adjacent to his home and argued below that he was entitled to either an implied or a prescriptive easement. On appeal, petitioner argues that the circuit court erred in denying him an easement by finding that an easement by necessity arises only when the land conveyed is landlocked, and argues that genuine issues of material fact existed as to whether he was entitled to an implied easement. Petitioner does not raise any argument, however, to the circuit court's finding that he was not entitled to a prescriptive easement, and the Court will not address the circuit court's ruling in that regard.

As the Court has previously noted, "[t]here are two forms of implied easements: an easement implied by necessity (which in West Virginia is called a 'way of necessity'), and an easement implied by a prior use of the land (also called an easement implied from a 'quasi-easement')." Syl. Pt. 3, *Cobb v. Daugherty*, 225 W.Va. 435, 693 S.E.2d 800 (2010). In setting forth the requirements for establishing either type of implied easement, the Court has stated that necessity is an element of both. *See* Syl. Pts. 4 and 6, *id*. In the case below, petitioner sought an easement to park on respondent's property because it was more convenient for accessing his home, and the circuit court specifically found that "there is no necessity for an easement to gain access to [petitioner's] home." Additionally, we have previously held that "'[i]f one has a reasonable outlet over his own property, he cannot exact a more convenient way as of necessity over the premises of another.' Syllabus point 2, *Dorsey v. Dorsey*, 109 W.Va. 111, 153 S.E. 146 (1930)." Syl. Pt. 5, *Cobb*, 225 W.Va. 435, 693 S.E.2d 800 (2010). Based upon the foregoing, and the fact that petitioner could not satisfy the elements necessary to obtain an easement, the Court finds no error in the circuit court's grant of partial summary judgment in favor of respondents.

As to petitioner's second assignment of error, the Court finds no error in regard to the circuit court denying petitioner's motion to set aside the verdict and for a new trial. To the extent that the circuit court's order addressed petitioner's contention that awarding partial summary judgment to respondents was error, the Court relies on the analysis above in finding that it was not error to deny petitioner's motion to set aside the verdict and for a new trial on this issue. Further, the Court has previously held that

> "[w]here, in the trial of an action at law before a jury, the evidence is conflicting, it is the province of the jury to resolve the conflict, and its verdict thereon will not be disturbed unless believed to be plainly wrong." Syl.Pt. 2, *French v. Sinkford*, 132 W.Va. 66, 54 S.E.2d 38 (1948).

Syl. Pt. 6, *Shiel v. Ryu*, 203 W.Va. 40, 506 S.E.2d 77 (1998). While petitioner argues that the evidence below, including Respondent David Biafora's admissions to certain statements, satisfied a preponderance of the evidence on all of his claims, the circuit court specifically found that "the jury properly considered all the evidence presented in this matter and found accordingly." The Court additionally notes that neither petitioner nor respondent have included a transcript of the trial in the record on appeal. As such, the Court notes that

"[i]t is the peculiar and exclusive province of a jury to weigh the evidence and to resolve questions of fact when the testimony of witnesses regarding them is conflicting and the finding of the jury upon such facts will not ordinarily be disturbed." . . . Syllabus Point 2, *Skeen v. C and G Corporation*, 155 W.Va. 547, 185 S.E.2d 493 (1971).

Syl. Pt. 5, *id*. (internal citations omitted). Based on these prior holdings, the Court declines to find error in the circuit court's denial of petitioner's motion to set aside the verdict and for a new trial.

Finally, in regard to respondent's cross-assignment of error, the Court finds that the circuit court erred in denying respondent's motion to alter or amend the judgment. We have previously stated as follows:

"The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. American Travellers Life Ins. Co., 204 W.Va. 430, 513 S.E.2d 657 (1998)*.

Syl. Pt. 2, *Koerner v. W.Va. Dept. of Military Affairs Pub. Safety*, 217 W.Va. 231, 617 S.E.2d 778 (2005). With that in mind, the Court notes that respondents filed the motion to alter or amend the judgment in regard to the circuit court's "Final Order." In that order, the circuit court found that petitioner was entitled to three month's rent, or $2,865, pursuant to the lease's early termination clause because Respondent Metro Towers terminated the lease in the first six months of the term. The circuit court also found that respondent was entitled to unpaid rent in the amount of $2,387.50 because petitioner admitted he paid no rent from August 27, 2010, through November 12, 2010. Therefore, the circuit court directed Metro Towers to pay petitioner $477.50. As such, we apply the following standard of review:

"In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

Syl. Pt. 1, *Beverly v. Thompson*, 229 W.Va. 684, 735 S.E.2d 559 (2012). Petitioner's argument on this issue is premised upon an alleged failure by the circuit court to consider several facts in reaching its decision. These facts include respondent's assertion that the lease in question was invalid as a matter of law because the bankruptcy trustee was not a party to the lease, and the fact that petitioner's failure to pay rent terminated the lease in accordance with its provisions. However, the Court finds no merit in respondent's argument that the circuit court failed to consider these factors in reaching its determination. In fact, in the order denying respondent's

4

motion to alter or amend the judgment, the circuit court specifically addressed the issues upon which respondent now premises its cross-assignment of appeal, and ultimately stated that "the [circuit] court informed [respondent] Metro Towers that all arguments had been considered" before denying that motion.

However, the Court does find, notwithstanding respondent's argument concerning the lease being invalid as a matter of law, that the circuit court erred in awarding petitioner damages for rent pursuant to the early termination clause of the lease. Regardless of Respondent Metro Towers' professed intention to convert the office space into residential apartments and its direction that all commercial tenants vacate the premises in October of 2010, petitioner is not entitled to rent under the early termination provision because of his admission that he paid no rent to respondent from August 27, 2010, through November 12, 2010.

The lease in question contains the following provision: "<u>Section 6.04. Defaults by Tenant.</u> Lessor may terminate this lease upon the happening of any one or more of the following events: . . . (d) the failure of Tenant to pay an installment of rent within ten (10) days after written notice . . . ." The record shows that Respondent Metro Towers provided written notice of petitioner's failure to pay rent by letter dated October 29, 2010. According to the circuit court's findings, petitioner failed to pay rent prior to vacating the premises on November 12, 2010. Because the plain language of the lease under which the circuit court granted petitioner an award of rent allows the lessor to terminate for non-payment following written notice of a delinquent rent payment, the award constitutes an abuse of discretion. As such, the Court directs the circuit court to vacate its award of $2,865 to petitioner as an early termination fee.

For the foregoing reasons, we affirm the circuit court's August 6, 2012, order granting partial summary judgment in respondents' favor, and also affirm the September 12, 2012, order denying petitioner's motion to set aside the verdict and for a new trial. However, the Court reverses the circuit court's October 12, 2012 "Final Order," in part, and remands with instructions to vacate its award of $2,865 to petitioner as an early termination fee.

Affirmed, in part, and reversed and remanded, in part, with directions.


**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman

**CONCURRING IN PART AND DISSENTING IN PART:**

Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Ketchum and Justice Loughry concur in the decision to affirm the circuit court's orders regarding partial summary judgment and the motion to set aside the verdict and for a new trial, but dissent from the decision to reverse and remand with instructions to the circuit court to vacate the award to petitioner for early termination.