IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2016 Term

_____

No. 15-0393

_____

FILED

**June 15, 2016**

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

RYAN LYNN HARNISH,
Defendant Below, Petitioner

v.

CHARLES M. CORRA AND ELIZABETH G. CORRA,
Plaintiffs Below, Respondents

_____

Appeal from the Circuit Court of Wood County
The Honorable J.D. Beane, Judge
Civil Action No. 13-C-293

REVERSED AND REMANDED

_____

Submitted: April 27, 2016
Filed:  June 15, 2016

David A. Mohler, Esq.                          Richard D. Dunbar, Esq.
Christopher L. Edwards, Esq.               Dunbar & Fowler, PLLC
Joshua A. Johnson, Esq.                      Parkersburg, West Virginia
Bowles Rice LLP                                   Attorney for Respondents
Charleston, West Virginia
Attorneys for Petitioner

JUSTICE BENJAMIN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.    "A motion for a new trial is governed by a different standard than a motion for a directed verdict. When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 of the *West Virginia Rules of Civil Procedure*, the trial judge has the authority to weigh the evidence and consider the credibility of the witnesses. If the trial judge finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial. A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion." Syl. pt. 3, *In re State Public Bldg. Asbestos Litig.*, 193 W. Va. 119, 454 S.E.2d 413 (1994).

2.    "Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syl. pt. 4, *Sanders v. Georgia-Pacific Corp.*, 159 W. Va. 621, 225 S.E.2d 218 (1976).

3.    "It is the peculiar and exclusive province of a jury to weigh the evidence and to resolve questions of fact when the testimony of witnesses regarding them

is conflicting and the finding of the jury upon such facts will not ordinarily be disturbed." Syl. pt. 2, *Skeen v. C and G Corp.*, 155 W. Va. 547, 185 S.E.2d 493 (1971).

4.     "In determining whether the verdict of a jury is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned, must be considered, and those facts, which the jury might properly find under the evidence, must be assumed as true." Syl. pt. 3, *Walker v. Monongahela Power Co.*, 147 W. Va. 825, 131 S.E.2d 736 (1963).

5.     "In order to recover in an action based on negligence the plaintiff must prove that the defendant was guilty of negligence and that such negligence was the proximate cause of the injury of which the plaintiff complains." Syl. pt. 1, *Matthews v. Cumberland & Allegheny Gas Co.*, 138 W. Va. 639, 77 S.E.2d 180 (1953).

Benjamin, Justice:

Petitioner Ryan Lynn Harnish appeals the April 10, 2015, order of the Circuit Court of Wood County granting a new trial to Respondents Charles M. Corra and Elizabeth G. Corra subsequent to a partial defense verdict. For the reasons set forth below, we reverse the circuit court's order and remand for reinstatement of the jury verdict.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying action arises from a car accident between the car driven by Petitioner Ryan Harnish and the car driven by Respondent Charles M. Corra. Mr. Corra's vehicle was stopped while he was waiting to turn left into the parking lot of his place of employment. While waiting, Mr. Corra's car was rear-ended by a car driven by Mr. Harnish.

In the underlying action, Mr. Corra alleged that the accident caused injury to his neck, back, and right knee. Specifically, Mr. Corra claimed that he suffered past medical expenses of $25,642.62. Of this amount, $9,620.59 accounted for his neck and back problems, and he attributed the remaining portion of the medical expenses to his alleged knee injury. These expenses included knee surgery that Mr. Corra underwent which he averred was made necessary by the car accident.

1

Mr. Harnish admitted liability for the accident and further admitted that Mr. Corra's neck and back problems were caused by the accident. However, Mr. Harnish denied that the accident injured Mr. Corra's right knee, and he denied that the accident caused the need for knee surgery. Mr. Harnish argued instead that Mr. Corra's knee problems were caused by preexisting conditions that were unrelated to the accident.

Mr. Corra testified at trial that at the scene of the car accident his immediate concern was injury to his neck because he had recently had neck surgery. According to Mr. Corra, he first noticed that his right knee was hurting in the hospital emergency room on the day of the accident when he walked to the restroom. When the pain in his right knee progressed, Mr. Corra ended up having arthroscopic surgery on the knee which was performed by Dr. George Takodi on December 12, 2012.

Dr. George Takodi testified at the trial by video deposition. According to Dr. Takodi, there were two conditions affecting Mr. Corra's right knee. First, there was a large L-shaped full-thickness defect in the medial femoral condyle. Dr. Takodi testified that this defect resulted from the car accident. Dr. Takodi also indicated that Mr. Corra had chondromalacia on the backside of the patella which he described as arthritis under Mr. Corra's kneecap. Dr. Takodi testified to a reasonable degree of medical certainty that the chondromalacia was aggravated as a result of the car accident because Mr. Corra did not have any symptoms of knee pain prior to the car accident. Finally, Dr. Takodi

2

testified that surgery was necessary to help alleviate the symptoms of pain in Mr. Corra's right knee.

Mr. Harnish presented the expert testimony of Dr. David Santrock, an orthopedic surgeon. Dr. Santrock testified that the L-shaped defect was not caused by the car accident but rather by long-term wear and tear. Dr. Santrock based this conclusion on the absence of evidence of physical injury to the knee resulting from the accident. According to Dr. Santrock, if the defect was caused by the accident, there would have been evidence of a direct blow to the knee or a twisting movement to the knee, and there was evidence of neither. Specifically, Dr. Santrock indicated that there was no evidence of swelling of the knee soon after the accident or of damage to the meniscus. Further, Dr. Santrock concluded that the surgery on Mr. Corra's right knee was made necessary by the L-shaped defect and the chondromalacia, both of which preexisted the car accident. On cross-examination, Dr. Santrock testified that Mr. Corra's preexisting conditions were aggravated by the car accident based on the fact that the pain in the right knee showed up after the accident. Finally, Dr. Santrock admitted that the surgery to the right knee alleviated the knee pain.

At the close of the evidence, the circuit court instructed the jury, in part:

> Mr. Corra cannot recover damages for any injury he sustained or any conditions he had which existed prior to the time of the accident except to the extent that any such prior injury or condition was aggravated or accelerated by the accident and you may award Mr. Corra damages that proximately resulted from such aggravation or acceleration.

3

The jury found that Mr. Corra suffered injuries as a proximate result of the petitioner's negligence and awarded him damages for past medical expenses of $9,620.59, which is the amount of damages that Mr. Corra alleged were the result of his neck and back injuries.

Mr. and Mrs. Corra subsequently filed a motion for a new trial in which they claimed that there was uncontroverted evidence that the respondent's knee condition was caused by the car accident. The circuit court granted a new trial by order dated April 10, 2015. In its order, the circuit court incorrectly found that Mr. Corra made no claim for his preexisting neck and back conditions but only for his right knee injury. The circuit court then found that the medical expenses awarded by the jury for the knee injury covered only the medical expenses incurred up to the surgery but did not include the surgery. According to the circuit court, this verdict was consistent only with the conclusion that the surgery performed by Dr. Tokodi was not reasonable and necessary which, the circuit court ruled, was against the weight of the evidence. In making this determination, the circuit court found that the cause of the L-shaped defect in Mr. Corra's knee was disputed at trial. However, the circuit court found of "crucial significance" the cross-examination of Dr. Santrock in which Dr. Santrock agreed that the preexisting conditions in Mr. Corra's right knee were aggravated in the car accident because the symptoms showed up after the car accident. As a result, the circuit court granted the Corras a new trial.

4

Thereafter, counsel for Mr. Harnish sent a letter to the circuit court notifying the court of the factual error in its order regarding Mr. Corra's claim for his neck and back injury and requesting the court to reconsider its ruling awarding the Corras a new trial. In response, the circuit court entered a new order on April 28, 2015 in which the court acknowledged its misstatement of the record regarding the injury to Mr. Corra's neck and back as a result of the car accident. Nevertheless, the circuit court affirmed its original order granting the Corras a new trial. The circuit court explained:

> The Court reiterates its basis for granting the motion for a new trial, namely, the clear weight of the evidence, including the testimony of defendant's expert, Dr. Santrock, was that the preexisting condition of Mr. Corra's right knee was aggravated or accelerated by the subject accident and the arthroscopic procedure performed by Dr. Tokodi was reasonable and necessary.

Mr. Harnish now appeals to this Court the circuit court's order granting the Corras a new trial.

## II.    STANDARD OF REVIEW

This Court reviews a circuit court's decision to grant a new trial for an abuse of discretion. We held in syllabus point 3 of *In re State Public Building Asbestos Litigation*, 193 W. Va. 119, 454 S.E.2d 413 (1994) as follows:

> A motion for a new trial is governed by a different standard than a motion for a directed verdict. When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 of the *West Virginia Rules of Civil Procedure*, the trial judge has the authority to weigh the evidence and consider the credibility of the witnesses. If the trial judge finds the verdict is against the clear weight of the evidence, is

5

based on false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial. A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion.

This Court has been somewhat reluctant to disturb a circuit court's decision to grant a new trial, indicating that "the role of the appellate court in reviewing a trial judge's determination that a new trial should be granted is very limited." *Asbestos Litig.*, 193 W. Va. at 126, 454 S.E.2d at 420. In fact, this Court "is more disposed to affirm the action of a trial court in setting aside a verdict and granting a new trial than when such action results in a final judgment denying a new trial." Syl. pt. 4, in part, *Young v. Duffield*, 152 W. Va. 283, 162 S.E.2d 285 (1968), *overruled on other grounds by Tennant v. Marion Health Care Found.*, 194 W. Va. 97, 459 S.E.2d 374 (1995). Nevertheless,

> [a]lthough the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence.

Syl. pt. 4, *Sanders v. Georgia-Pacific Corp.*, 159 W. Va. 621, 225 S.E.2d 218 (1976). Having set forth the proper standard of review, we proceed to consider the issue in this case.

## III.  DISCUSSION

As the basis of its decision to grant a new trial, the circuit court found that the jury's verdict was against the clear weight of the evidence. Specifically, the circuit

6

court found that the clear weight of the evidence, including the testimony of both Dr. Tokodi and Dr. Santrock, was that the preexisting condition in Mr. Corra's right knee was aggravated by the car accident and that the arthroscopic procedure performed by Dr. Tokodi was reasonable and necessary to alleviate this aggravation.

In his petition, Mr. Harnish avers that the circuit court's determination regarding the clear weight of the evidence is erroneous. According to Mr. Harnish, he introduced ample evidence to support a finding that Mr. Corra's right knee was not injured in the car accident. Mr. Harnish points to the testimony of Dr. Santrock who stated that the surgery on Mr. Corra's knee was necessitated by the preexisting conditions in the knee. Finally, Mr. Harnish contends that Dr. Santrock's testimony that the accident aggravated the preexisting conditions does not change the general nature of Dr. Santrock's conclusion that the preexisting condition in the knee, not the car accident, caused the need for Mr. Corra's knee surgery.

Mr. Corra responds that the basis for the circuit court's ruling granting a new trial was the fact that both medical experts agreed that Mr. Corra's knee surgery was reasonable and necessary as a result of aggravation caused by the car wreck to the preexisting chondromalacia. According to Mr. Corra, Mr. Harnish ignores the aggravation issue and instead relies in his argument on testimony relating to the cause of the L-shaped defect in Mr. Corra's knee. Mr. Corra posits that while the cause of the L-shaped defect was heavily debated at trial, the uncontroverted evidence showed that Mr.

7

Corra's knee surgery was necessary because of aggravation of the preexisting chondromalacia.

After considering the parties' arguments in light of the evidence presented at trial, this Court concludes that the circuit court abused its discretion in granting the Corrras a new trial. The circuit court's order was based on its erroneous finding that the clear weight of the evidence indicated that the preexisting condition of Mr. Corra's right knee was aggravated or accelerated by the car accident and therefore the arthroscopic surgery performed by Dr. Tokodi was reasonable and necessary.

When we review a circuit court's award of a new trial, we are mindful of the principle that it is the province of the jury to weigh the evidence and reach a verdict regarding liability and damages. We have consistently recognized that "[i]t is the peculiar and exclusive province of a jury to weigh the evidence and to resolve questions of fact when the testimony of witnesses regarding them is conflicting and the finding of the jury upon such facts will not ordinarily be disturbed." Syl. pt. 2, *Skeen v. C & G Corp.*, 155 W. Va. 547, 185 S.E.2d 493 (1971). As a result, when a circuit court reviews a jury verdict, all reasonable and legitimate inferences must be considered in favor of the party for whom the verdict was returned. This Court held in syllabus point 3 of *Walker v. Monongahela Power Co.*, 147 W. Va. 825, 131 S.E.2d 736 (1963):

> In determining whether the verdict of a jury is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the

> party for whom the verdict was returned, must be considered, and those facts, which the jury might properly find under the evidence, must be assumed as true.

An examination of the evidence in this case, when viewed in favor of Mr. Harnish, indicates that the jury's verdict is supported by the evidence.

The cause of the L-shaped defect in Mr. Corra's right knee was disputed at trial. As the circuit court recognized in its order granting a new trial, "Dr. Santrock certainly explained and supported the basis for his opinion that the defect on plaintiff's medial femoral condyle was not caused by the accident." Consequently, it was within the province of the jury to weigh the conflicting testimony of the expert witnesses in order to resolve this issue. Obviously, the jury believed Dr. Santrock that the car accident did not cause the defect in Mr. Corra's knee.

Having determined that Mr. Harnish's negligence did not cause the L-shaped defect in Mr. Corra's right knee, the jury had to decide whether the preexisting condition in the knee was aggravated by the car accident. The circuit court improperly based its order granting a new trial on the fact that both experts agreed that the car accident aggravated Mr. Corra's knee. It is significant, however, that both experts based their testimony of aggravation on the fact that Mr. Corra's preexisting condition was asymptomatic prior to the car accident and symptomatic after the accident. In light of this fact, it remained within the province of the jury to determine whether the onset of pain in Mr. Corra's right knee was caused by the car accident.

9

The Corras bore the burden in this case of proving that the pain in Mr. Corra's right knee was proximately caused by Mr. Harnish's negligence. Under our law, "[i]n order to recover in an action based on negligence the plaintiff must prove that the defendant was guilty of negligence and that such negligence was the proximate cause of the injury of which the plaintiff complains." Syl. pt. 1, *Matthews v. Cumberland & Allegheny Gas Co.*, 138 W. Va. 639, 77 S.E.2d 180 (1953). When this Court considers every reasonable and legitimate inference fairly arising from the evidence in favor of Mr. Harnish and assuming as true those facts which the jury might properly find under the evidence, we believe that the jury below could properly find that the car accident did not cause the preexisting condition in Mr. Corra's right knee to become symptomatic.

Dr. Santrock testified to the absence of evidence of a direct impact or a twisting movement to Mr. Corra's knee during the accident. He also referred to the fact that there was no evidence of trauma to the kneecap or ligaments of the knee and no swelling of the knee following the accident. In addition, there was evidence that Mr. Corra's chondromalacia was Grade 3 with 4 being the worst, and that chondromalacia itself can cause pain. From this evidence, the jury could have inferred that in the absence of physical violence and physical injury to Mr. Corra's knee resulting from the car accident, there was insufficient evidence that the car accident caused the manifestation of pain in the knee.

10

## IV.   CONCLUSION

In light of the evidence presented at trial, we conclude that the jury's verdict is supported by evidence that the L-shaped defect in Mr. Corra's knee was not the result of the car accident caused by Mr. Harnish, and that Mr. Corra's right knee pain that manifested itself subsequent to the car accident was not caused by the accident. Therefore, we find that the circuit court's decision to grant the Corras a new trial based on its finding that the jury verdict was against the weight of the evidence was an abuse of discretion. Accordingly, we reverse the April 10, 2015, order of the Circuit Court of Wood County that granted the Corras a new trial, and we remand this case for reinstatement of the jury verdict.

Reversed and remanded.

11